WALBRIDGE and others *vs.* GRISWOLD.

*Assumpsit* will not lie against a Sheriff, or other officer, for a misfeasance or non-feasance in the execution of his official duties.

THIS was an action against the defendant as Constable of the town of Enosburgh, for not making a return of a writ of attachment. The declaration states, in substance, that the plaintiffs heretofore, to wit, on the 28th day of June, 1811, prayed out a writ of attachment in their favour against Stephen House of Enosburgh, dated the day and year last aforesaid, duly signed and directed to the Sheriff or either Constable of Enosburgh to serve and return, and made returnable to the County Court then next to be holden at St. Albans. And afterwards, to wit, on the 14th day of August, 1811, at Enosburgh, delivered said writ to the defendant, who then, and for a long time afterwards was legal Constable of Enosburgh, to serve and return according to law. And the defendant so being Constable as aforesaid, and having received said writ, did on the same day and year last aforesaid, at Enosburgh aforesaid, undertake, and then and there, to the plaintiffs faithfully promise to serve and return said writ according to law and the directions therein given. Yet the defendant, not regarding his said promise and

undertaking so by him made as aforesaid, nor the duties of his office as Constable as aforesaid, but, intending to defraud the plaintiffs in that behalf, did not serve and return said writ of attachment at the return day thereof, or at any day before or since ; but intending to defraud the plaintiffs in that behalf, wholly neglected and refused, whereby the plaintiffs have wholly lost their said debt, &c.

*Franklin,*
*December,*
*1813.*
*vs.*

Walbridge
et al.
*vs.*
Griswold.

The defendant pleaded in bar.

To the plea there was a demurrer and joinder.

*Wetmore* and *Smedley,* for the plaintiffs.

*Swift,* for the defendant.

CHIPMAN, Ch. J. delivered the opion of the Court. The plea of the defendant in this case is so manifestly insufficient, that it is unnecessary to make any observations respecting it. The case must be decided on the sufficiency of the declaration. And the question is, whether this declaration can be supported, either on the statute, or at common law. It does not purport to be a declaration on the statute, neither will the statute support a declaration in *assumpsit.* The remedy given by the statute is where the officer shall *wilfully* refuse or neglect to serve, or shall *wilfully* neglect to return a writ, or shall make a false or undue return. And he is made liable *to pay to the party aggrieved all damages which he shall have sustained by reason of such neglect or refusal;* to be recovered in an action on the statute. And he is also, on conviction, made liable to a fine not exceeding one hundred dollars.

In an action on the statute the neglect or refusal must be expressly charged to have been *wilful.* The omission of the word *wilful* cannot be supplied by any circumlocution.

But there may be a degree of negligence less than wilful, or which could not be deemed wilful, and for which an action on the case at common law is the proper remedy. Between such case, and the cases embraced by the statute, there will be found a distinction very analogous to the distinction between a voluntary and negligent escape. The action on the case is for a nonfeasance, and an action of *assumpsit* will not lie. The case from 2 Wilson, 235—Russel *v.* Palmer, which has been cited at the bar, has no analogy to the case before the Court. That is a declaration against an Attorney, whose undertaking is voluntary, for a neglect of the duty of his em-

*Franklin,*
*December,*
*1813.*

*Walbridge*
*et al.*
*vs.*
*Griswold.*

ployment, in which he had engaged. *Assumpsit* is the proper and established form of action in such case. But it is believed that this is the first attempt to declare in *assumpsit* against an officer in a case like the present. The action does not arise *excontractu,* or *quasi excontractu,* but *exdelicto.* It arises from the neglect of an official duty in the officer—a duty which the law has enjoined upon him, for the due administration of justice. The breach of this duty, when an injury to an individual, is a species of wrong for which an action on the case is the only proper remedy.

It has been said that an action of *assumpsit* in this case is as proper as an action of debt for an escape, which supposes a contract. But the action of debt for an escape does not lie at common law—it was given by statute—1 Ed. 2—or rather, as it has been generally holden, by the equity of the statute of Westminster, 2. The debt lost through the neglect of the officer, is given against him to the party aggrieved, by way of penalty; and it belongs to that class of actions. It lies not however for escape on mesne process, but of one in execution. The action of debt is not given by our statute, and it does not seem consistent with its provisions to permit it.

Upon a full consideration of this case, the Court are clearly of opinion that this declaration in *assumpsit* cannot be supported.— There must therefore be

Judgment for the defendant.